JUDGE CASTEL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

12 CIV 0381

-------------------------------------------------------X

MARIA LORENZ,

                          Plaintiff,

                v.

MPHASIS CORPORATION,

                        Defendant.

-------------------------------------------------------X

Case No.:_____

JAN 17 2012
U.S.D.C. S.D.N.Y.
CASHIERS

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Maria Lorenz ("Plaintiff" or "Ms. Lorenz") by and through her undersigned

counsel, as and for her Complaint in this action against Defendant Mphasis Corporation

("Defendant," "Mphasis" or the "Company"), hereby alleges as follows:

### NATURE OF THE CLAIM

1.     This is an action for declaratory, injunctive and equitable relief, as well as

monetary damages, to redress Defendant's unlawful employment practices and retaliation

against Plaintiff, including Defendant's discriminatory treatment, harassment, and unlawful

retaliation against Plaintiff, and the wrongful termination of her employment, due to her

Race and/or Color (African-American and Hispanic), her National Origin (Puerto Rican),

and her repeated complaints of discrimination on behalf of herself and other employees at

Defendant, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§

2000e *et seq.* ("Title VII"); Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981

("Section 1981"); the New York State Human Rights Law, New York Executive Law §§ 290

*et seq.* ("State HRL"); and the New York City Human Rights Law, New York Administrative

Code §§ 8-101 *et seq.* ("City HRL").

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil

rights under Title VII and Section 1981.  The Court has supplemental jurisdiction over

Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a

substantial part of the events or omissions giving rise to this action, including the unlawful

employment practices alleged herein, occurred in this district.

## PARTIES

4.      Plaintiff Maria Lorenz, the former Administrator for Mphasis' New York City

offices, is a Hispanic/African-American female of Puerto Rican descent who currently

resides in Union County, New Jersey.  At all relevant times, Ms. Lorenz worked as an

"employee" of Mphasis within the meaning of all applicable statutes, until Mphasis

wrongfully terminated her employment effective August 31, 2011.

5.      Defendant Mphasis Corporation is a Delaware corporation with a principal

place of business located at 460 Park Avenue South, New York, New York 10016.  Upon

information and belief, Mphasis is an information technology services company with

dozens of offices in cities and countries throughout the world.  At all relevant times,

Mphasis met the definition of Plaintiff's "employer" under all applicable statutes.

## ADMINISTRATIVE PROCEDURES

6.      Plaintiff has complied with all statutory prerequisites to her Title VII claims,

having filed charges of discrimination with the Equal Employment Opportunity

Commission ("EEOC") on or about July 18, 2011, having amended her charge on or about

2

August 23, 2011, and having received notice of her right to sue from the EEOC on or about October 26, 2011.  This action has been filed within 90 days of receipt of Plaintiff's right to sue letter from the EEOC.

7.      Prior to the commencement of this action, a copy of this Complaint was served on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of § 8-502 of the New York City Administrative Code.

8.      Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

### I.      Discrimination on the Basis of Race/Color and National Origin

9.      Maria Lorenz began working for Mphasis in or around May 2009 as an Administrator in the Company's New York City offices.  In that capacity, Ms. Lorenz, who holds a bachelor's degree in business administration and management, and a master's degree in human resources management, was responsible for an array of Human Resources and other administrative functions for the Company.

10.      But, upon commencing her employment, Ms. Lorenz soon learned that very few employees who are not of Indian descent advance to senior levels at Mphasis.  In fact, entire divisions at Mphasis are headed by an exclusive cadre of Indian executives and directors, despite the fact that employees of non-Indian ancestry staff a majority of entry-level positions in those divisions.

11.      Moreover, Mphasis' written and unwritten policies and practices regarding evaluation, compensation, and promotion are not applied uniformly or fairly, and

unlawfully subjected Ms. Lorenz and other employees who are not of Indian descent to ongoing and continuous disparate treatment.

12.      For example, Mphasis discriminated against Ms. Lorenz by advancing Indian employees more quickly than Hispanic, African-American/Black and other non-Indian employees, by denying Hispanic, African-American/Black and other non-Indian employees equal job assignments, promotions, training and compensation, and by retaliating against Hispanic, African-American/Black and other non-Indian employees who oppose these discriminatory practices.

13.      The conduct suffered by Ms. Lorenz was part of Defendant's continuing pattern and practice of civil rights violations, discrimination and other unlawful conduct against Hispanic, African-American/Black and other non-Indian employees of Mphasis.

14.      Defendant's pattern and practice of discriminatory and retaliatory conduct toward non-Indian employees of color is an outgrowth of the general discriminatory attitude toward non-Indian employees that pervades Mphasis.

15.      Thus, despite her exemplary performance, Ms. Lorenz suffered from a concerted and continuous pattern and practice of disparate treatment because of her race, color and/or national origin with respect to the terms and conditions of her employment at Mphasis.

16.      By way of example only, Ms. Lorenz's compensation was significantly lower than Indian employees at Mphasis who had less experience and were less qualified than Ms. Lorenz.

17.      Similarly, Mphasis discriminated against Ms. Lorenz in the administration of employee benefits and perquisites, including, by way of examples only, denying Ms. Lorenz

4

paid vacation and sick days, life and disability insurance, the opportunity to participate in the Company's 401(K) plan, and other benefits and perquisites enjoyed by similarly-situated employees of Indian descent.

18.     Ms. Lorenz was also repeatedly denied promotions or transfer to Human Resources positions that were, in each case, awarded to less qualified and less experienced employees of Indian descent.

19.     Ms. Lorenz also witnessed widespread discrimination against other employees at Mphasis because of their race, color and/or national origin.

20.     Although Mphasis is aware of the foregoing segregation of non-Indian employees of color in the lower, lesser compensated positions, as well as other discriminatory actions taken against non-Indian employees of color to deny them equal terms and conditions of employment, no steps have been taken to correct these problems.

**II.     Retaliation for Protected Complaint of Discrimination on the Basis of Race/Color and National Origin**

21.     In fact, when Ms. Lorenz complained about the discriminatory treatment that she and other non-Indian employees of color were experiencing at Mphasis, her superiors subjected her to retaliation.

22.     Specifically, after complaining about pervasive racial and national origin-based discrimination in late 2010, Ms. Lorenz was subjected to a diminution of her Human Resources-related duties and transferred to a different role where she was denied opportunity for advancement and equal compensation.

23.     Ms. Lorenz was also forced to work with significantly less support and inadequate resources in further retaliation for her protected opposition to Defendant's discriminatory practices.

24.     These forms of retaliation escalated sharply in early 2011 after Ms. Lorenz sought the advice of an attorney in connection with the discrimination and apparent retaliation that she was experiencing at the Company in reprisal for her protected complaints of discrimination.

25.     In or around April 2011, Ms. Lorenz's attorney sent a letter to Mphasis questioning the Company's apparent mistreatment of Ms. Lorenz and asserting, *inter alia*, that the Company may have exposed itself to potential claims of discrimination on the basis of Ms. Lorenz's race and national origin.

26.     Undaunted, Mphasis responded to this letter by redoubling the Company's campaign of discrimination and retaliation against Ms. Lorenz, who thereafter filed *pro se* charges of discrimination and retaliation on the basis of race, color and national origin with the EEOC in or around July 2011.

27.     That same month, Mphasis' campaign of retaliation against Ms. Lorenz culminated in the Company's abrupt notice that her employment would terminate effective August 31, 2011.

28.     And, in response to Ms. Lorenz's efforts to obtain clarification from the Company as to the asserted "business decision" that Mphasis cited as the purported basis for her termination, a senior Mphasis executive responded to her inquiry in writing, stating, among other things, that: *"given your threat to sue the Company and your decision to retain an attorney, Mphasis believes it will not be constructive or appropriate for the Company to communicate further with you regarding matters related to"* the termination of her employment.

6

29.     As a direct and proximate result of Defendant's unlawful actions, Ms. Lorenz has suffered, and will continue to suffer, monetary and/or economic damages, including, but not limited to, the loss of past and future income, compensation and other benefits to which she would otherwise be entitled.

30.     As a further direct and proximate result of Defendant's unlawful actions, Ms. Lorenz has suffered damage to her reputation and career.

31.     As a further direct and proximate result of Defendant's unlawful actions, Ms. Lorenz has suffered severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

32.     Defendant's discriminatory and unlawful conduct against Ms. Lorenz was intentional and malicious and/or showed a deliberate, willful, wanton and reckless disregard for her rights under Section 1981, Title VII, and the New York State and City Human Rights Laws.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Discrimination and Harassment in Violation of Title VII)

33.     Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

34.     Defendant discriminated against Plaintiff on the basis of her Race, Color and/or National Origin in violation of Title VII by denying her the same terms and conditions of employment available to employees who are of Indian descent, including, but not limited to, denying her compensation, benefits and other perquisites equal to that of employees who are of Indian descent and terminating her employment on grounds for which Indian employees would not be terminated.

35.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

36.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

37.     Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

38.     Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

39.     Defendant retaliated against Plaintiff by, *inter alia*, reducing her job responsibilities and formally terminating her employment, in violation of Title VII, for her opposition to and/or lodging of complaints against Defendant's discriminatory practices.

40.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income,

compensation and benefits for which she is entitled to an award of monetary damages and other relief.

41.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

42.     Defendant's unlawful and retaliatory actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Discrimination and Harassment in Violation of Section 1981)**

43.     Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

44.     Defendant discriminated against Plaintiff on the basis of her Race in violation of Section 1981 by denying her the same terms and conditions of employment available to employees who are Indian, including, but not limited to, denying her compensation, benefits and other perquisites equal to that of employees who are Indian and terminating her employment on grounds for which Indian employees would not be terminated.

45.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future

income, compensation and benefits for which she is entitled to an award of monetary

damages and other relief.

46.     As a direct and proximate result of Defendant's unlawful and discriminatory

conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe

mental anguish and emotional distress, including, but not limited to, depression,

humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence,

and emotional pain and suffering for which she is entitled to an award of monetary

damages and other relief.

47.     Defendant's unlawful and discriminatory actions constitute malicious, willful

and wanton violations of Section 1981 for which Plaintiff is entitled to an award of punitive

damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Retaliation in Violation of Section 1981)

48.     Plaintiff hereby repeats and realleges each and every allegation in each of the

preceding paragraphs as if fully set forth herein.

49.     Defendant retaliated against Plaintiff by, *inter alia*, reducing her job

responsibilities and formally terminating her employment, in violation of Section 1981, for

her opposition to and/or lodging of complaints against Defendant's discriminatory

practices.

50.     As a direct and proximate result of Defendant's unlawful and retaliatory

conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer,

monetary and/or economic damages, including, but not limited to, loss of past and future

income, compensation and benefits for which she is entitled to an award of monetary

damages and other relief.

51.     As a direct and proximate result of Defendant's unlawful and retaliatory

conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe

mental anguish and emotional distress, including, but not limited to, depression,

humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence,

and emotional pain and suffering for which she is entitled to an award of monetary

damages and other relief.

52.     Defendant's unlawful and retaliatory actions constitute malicious, willful and

wanton violations of Section 1981 for which Plaintiff is entitled to an award of punitive

damages.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(Discrimination and Harassment in Violation of
New York State Human Rights Law)**

53.     Plaintiff hereby repeats and realleges each and every allegation in each of the

preceding paragraphs as if fully set forth herein.

54.     Defendant discriminated against Plaintiff on the basis of her Race and/or

National Origin in violation of the New York State Human Rights Law by denying her the

same terms and conditions of employment available to employees who are Indian,

including, but not limited to, denying her compensation, benefits and other perquisites

equal to that of employees who are Indian and terminating her employment on grounds for

which Indian employees would not be terminated.

55.     As a direct and proximate result of Defendant's unlawful and discriminatory

conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and

continues to suffer, monetary and/or economic damages, including, but not limited to, loss

of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

56.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Retaliation in Violation of New York State Human Rights Law)

57.    Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

58.    Defendant retaliated against Plaintiff by, *inter alia*, reducing her job responsibilities and formally terminating her employment, in violation of the New York State Human Rights Law, for her opposition to and/or lodging of complaints against Defendant's discriminatory practices.

59.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

60.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited

to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (Discrimination and Harassment in Violation of
### New York City Human Rights Law)

61.     Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

62.     Defendant discriminated against Plaintiff on the basis of her Race and/or National Origin in violation of the New York City Human Rights Law by denying her the same terms and conditions of employment available to employees who are Indian, including, but not limited to, denying her compensation, benefits and other perquisites equal to that of employees who are Indian and terminating her employment on grounds for which Indian employees would not be terminated.

63.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

64.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-

confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

65.     Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**(Retaliation in Violation of New York City Human Rights Law)**

66.     Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

67.     Defendant retaliated against Plaintiff by, *inter alia*, reducing her job responsibilities and formally terminating her employment, in violation of the New York City Human Rights Law, for her opposition to and/or lodging of complaints against Defendant's discriminatory practices.

68.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

69.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

70.    Defendant's unlawful and retaliatory actions constitute malicious, willful and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A.    A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State and City of New York;

B.    An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.    An order directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect her employment and personal life;

D.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

E.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

F.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory

harm, including, but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

     G.     An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

     H.     An award of punitive damages;

     I.     An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

     J.     Such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: January 17, 2012
     New York, New York

     Respectfully submitted,

**THE OTTINGER FIRM, P.C.**

By: _Ariel Graff_
     Robert Ottinger
     Ariel Y. Graff

19 Fulton Street, Suite 408
New York, NY 10038
(212) 571-2000
robert@ottingerlaw.com
ari@ottingerlaw.com

*COUNSEL FOR PLAINTIFF*